*Northern District*

No. 4973

## HOTEL COMMANDER, INC.
### v.
## BEVERLY C. DUNN, JR.

(March 6, 1957)

*Connelly, J.*   In this action of contract the plaintiff seeks to recover for use and occupation by the defendant of Apartment No. 619 in the plaintiff's hotel for the month of September, 1955. The answer is a general denial, and also that the defendant did not have the use and occupation as alleged for the month of September, 1955, having vacated and surrendered his rooms at the end of August, 1955, that prior to September, 1955, he was a guest or lodger at the plaintiff's hotel and was not a tenant at will, that as a guest or lodger he gave timely notice early in August, 1955, to the plaintiff of his intention to vacate his rooms by the end of August, 1955, that he did so vacate and surrender his rooms at the end of August, 1955, with the further allegation that as a guest at the plaintiff's hotel he suffered the loss of certain articles of wearing apparel and personal baggage from his rooms of a value in excess of Fifty ($50.00) Dollars, for which loss the plaintiff as an innholder is responsible.

The *plaintiff* duly made the following Requests for Rulings:

1. On all the evidence the Court must find for the plaintiff.

2. On all the evidence the Court must find against the defendant.

3. A person or persons occupying premises owned by a landlord without a written lease for which the landlord receives rent payable by the month is a tenant-at-will on a month to month basis.

4. A tenant-at-will in order to terminate such tenancy must give the landlord three months' written notice of intention to terminate and if the rent reserved is payable at periods of less than three months, the time of such notice must be equal to the interval between the days of payment.

5. A tenancy-at-will is similar to a tenancy from month to month basis.

6. A tenancy-at-will is created by an express agreement or one implied from the conduct of the parties.

7. A landlord may waive legal notice of intent to terminate a tenancy-at-will without waiving rights to such legal notice of such intent to terminate on subsequent occasions.

*The court made the following Findings and Rulings:*

" This is an action of contract whereby the plaintiff seeks to recover rent for suite No. 619 in the Hotel Commander for the month of September, 1955. The plaintiff owns and carries on its hotel business in a six story building in Cambridge. It rents rooms to transient guests and it has public dining rooms on the first floor. It also rents suites of rooms to persons whom it classifies as "permanent guests" and at the time of trial it had thirty-five "permanent guests." All other rooms are rented or are available for transient guests of the plaintiff.

The defendant first took rooms with the plaintiff in 1952. When it was agreed with the plaintiff that he was to pay $175.00 per month, but that if he remained for a period of more than one year the rent would be "rolled back" so that he would pay $150.00 per month. The defendant did stay for one year and the rent was so "rolled back." He was classified by the plaintiff as a "permanent guest." On 7 March, 1954 he moved away from the hotel. The plaintiff charged him $30.00 for six days in March on a basis of $5.00 per day and he paid this plus incidental expenses (phone calls, etc.). On 10 May, 1954 he returned to the plaintiff's hotel. At that time he took over suite No. 619. The charge made by the plaintiff for the month of May, 1954 ran from 10 May to 1 June, twenty-two days @ $5.00 per day totaling $110.00 plus incidental expenses which was paid by the defendant on 28 May, 1954. From

1 June to October 1, 1954, the defendant continued to pay $150.00 per month plus incidentals for the suite.

The defendant was married 1 October, 1954. On 4 October, 1954 his wife came to live with him in the suite. The plaintiff increased the charge for the suite from $150.00 to $175.00 per month because two people were living there instead of one as formerly. The plaintiff's bill rendered to the defendant for the month of October, 1954 charged the defendant for three days (1 October-4 October) on a basis of $150.00 per month $14.49 and for twenty-eight days (4 October-1 November) on a basis of $175.00 per month $157.92 a total of $172.41. This bill plus incidentals was paid by the defendant on 25 October, 1954.

During the occupancy of the suite by the defendant, electricity and heat were provided by the plaintiff. The suite was furnished by the plaintiff. The plaintiff provided maid service daily, cleaning, towels, bed linen and also provided for garbage disposal. Service deliveries for the defendant were made at the hotel receiving room and brought to the defendant's suite by the plaintiff's bellboys. Telephone service was through the plaintiff's switchboard, the defendant paying for calls at the time he paid his bill for the suite which was rendered monthly. The plaintiff furnished silver and china for the defendant.

Admission to suite No. 619 was gained through keys furnished to the defendant by the plaintiff and also by a master key held by the plaintiff. The suite consisted of a combination bedroom-living room, dinette, kitchenette and bath. The kitchenette was a complete kitchen.

A few days before 15 August, 1955 the defendant notified the plaintiff's manager that he was leaving the apartment on the first of September

following. On 15 August, 1955 Mr. Frank A. K. Boland, Managing Director of the plaintiff, wrote to the defendant and told him that the defendant was a tenant-at-will and that the plaintiff should receive a written notice of the defendant's intent to terminate before the next rent date and thereafter, the tenancy would continue for one month and that if notice was given, rent would have to be paid until the first of October. On 30 August, 1955 the defendant wrote to Mr. Boland stating that he was vacating apartment No. 619 on Wednesday, 31 August, 1955; that the notice which he was so giving in no way constituted a recognition of the plaintiff's claim that the relationship between the plaintiff and the defendant was a tenancy-at-will and specifically denying on the part of the defendant that such relationship existed.

On 31 August, 1955 the defendant moved out his possessions from the suite, turned in his key to the desk clerk and paid his last charges for incidentals during the month of August. The defendant had made no further payment to the plaintiff. The suite No. 619 remained unoccupied during the month of September, 1955.

In his answer the defendant claims that the plaintiff is liable for certain property, to wit: a clock and certain feminine underwear which disappeared from the suite occupied by the defendant. Disregarding correctness of the form of pleading in which this claim is alleged by the defendant, I find that the clock is not personal baggage and therefore the plaintiff by virtue of G. L. c. 140, §10 is not liable for its loss. In regard to the underwear, I find it was not the property of the defendant but of his wife and therefore cannot be set-off or recouped by him in this action.

I find that the defendant was not a tenant-at-will of the plaintiff; that the rent for the suite was not payable on a month to month basis; that the defendant was a guest of the plaintiff who was an innkeeper; that the bill for the defendant as a "permanent guest" was rendered monthly or for shorter periods when the defendant occupied the suite for such shorter periods and that there was not a relationship of landlord and tenant between them.

I find for the defendant except for his claim in the nature of set-off or recoupment as set forth in paragraph five of his answer.

Upon the plaintiff's requests for rulings of law, I rule as follows.

1. Denied.
2. Denied.
3. Denied as the court finds on the evidence that rent was not paid as a tenant-at-will, but as a guest of the plaintiff, an innkeeper (see findings).
4. Granted but I do not find that the defendant was a tenant-at-will (see findings).
5. Granted but not applicable in view of finding that the defendant was not a tenant-at-will.
6. Granted but not applicable in view of finding that the defendant was not a tenant-at-will.
7. Denied as inapplicable to findings made by the court."

The plaintiff claims to be aggrieved by the finding, by the findings of fact and refusal to rule as requested, more particularly the denial of the plaintiff's requests number 1, 2, 3 and 7.

The real question is, "Was the defendant a guest of the plaintiff or a tenant-at-will?" If a guest, he was not required to give notice of his intention to

vacate but if a tenant-at-will on a month to month basis, he was required to give the notice.

Whether a person who procures accomodations at a hotel is to be regarded as a guest or as a tenant is a question of fact to be determined by consideration of all the circumstances. 14 RCL 499. The fact payment for the accomodations is made at a fixed rate per week, month, or the like, is merely one of the circumstances entitled to consideration in determining the status of a person as guest, and is not of itself sufficient to make him a tenant rather than a guest. 12 ALR 261, and cases cited. The absence of an agreement to stay for a definite period is important as tending to consider him as a guest; 28 Amer. Juris. (Innholders, par. 24).

The case which most closely resembles the facts in the case at bar is that of *White v. Maynard*, 111 Mass. 250, where the court, after quoting with apparent approval many of the old English cases, went on to quote from the decision in *Wilson v. Martin*, 1 Denio (NY) 602: "This was nothing more than an agreement for board and lodging with a designation of the particular rooms which the defendant was to occupy. It was not a contract for the hiring or letting of real estate. When one contracts with a keeper of a hotel or boarding house for rooms and board whether for a week or a year, the technical relation of landlord and tenant is not created between the parties. The lodger acquires no interest in the real estate. If he is turned out of the rooms before the time expires, he cannot maintain ejectment, and while he remains the hotel-keeper cannot get his pay by distraining for rent in arrears".

In *White v. Maynard,* just mentioned, there was an oral agreement on November 13, 1866, by the innkeeper that she would furnish the defendant and his family with certain rooms and provide board, fuel and light until May 1, 1867, (a definite time)

at $75.00 a week. Defendant left January 12, 1867, and paid nothing thereafter. The Court stated that this was just an ordinary agreement for board and lodging by which the plaintiff as keeper of the boarding house retained the legal possession, custody and care of the whole house and of every room therein. The defendant took by reason of the fact that the rooms were specified no greater right than he would if they had not been so specified. The Court said, "There was no evidence to warrant the inference that the defendant should have any such exclusive possession of the rooms specified as would enable him to maintain any action founded on that possession, either against the plaintiff or a stranger". The Court held also that the agreement declared on was not for any interest in lands and the defendant therefore was not a tenant, and that the only right of action between the parties was on the agreement, which was that rent was to be paid to a definite time, May 1, 1867. There could be no requirement of notice in such a case.

In this case the trial judge made lengthy and complete findings. He found that the suite at Hotel Commander was furnished by the plaintiff, that the plaintiff provided electricity and heat, silver and china, maid service daily, cleaning, towels, bed linen and garbage disposal. Service deliveries for the defendant were made at the hotel receiving room and brought to the defendant's suite by the plaintiff's bellboys. Telephone service was through the plaintiff's switch board. Admission to the suite was by keys furnished to the defendant by the plaintiff and also by a master key held by the plaintiff. The defendant was classified by the plaintiff as a "permanent guest".

The trial judge also found that the defendant was not a tenant-at-will of the plaintiff and that the rent of the suite was not payable on a month to month basis.

It appears from the evidence that there were two separate periods during which the defendant lived at the plaintiff's hotel. One terminated on March 7, 1954. The evidence does not disclose any demand of notice at that time by the plaintiff. The second period began May 10, 1954, under the same general agreement, except that an increase in the rate was made when the defendant married.

The Court refused to grant the plaintiff's Requests for Rulings, Nos. 1, 2, 3 and 7. Requests Nos. 1 and 2 do not contain the specifications required by Rule 27 of the District Courts, and were rightfully denied. Request No. 3 could not be granted on the facts found that rent was not paid as a tenant-at-will but as a guest. Request No. 7 was rightfully denied as inapplicable in view of the findings by the Court.

It is to be noted that *the report does not state that it contains all the evidence material to the issues involved*, and there might be other evidence to justify the findings of the Court. The general findings as made were justified by the evidence included in the report and should not be disturbed.

There being no prejudicial error, the Report is to be Dismissed.

James R. Skahan, for the plaintiff.
Richard D. Girould, for the defendant.